ARNOLD SINGLES, d/b/a Singles Roofing Company, Plaintiff and Counter-defendant-Appellee, *v.* GUS HORWITZ, d/b/a Aurora Land Company, Defendant and Counterplaintiff-Appellant.

(No. 74-249; ▮▮▮▮▮▮)

Second District (2nd Division)—December 23, 1975.

R. D. Schiller, of Goldsmith, Dyer, Thelin, Schiller & Dickson, of Aurora, for appellant.

Brittain, Ketcham, Strass & Terlizzi, of Elgin, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff, a roofer, sued defendant, a general contractor, to recover $1300, the balance allegedly due plaintiff pursuant to written contract. Defendant counterclaimed for expenses incurred in correcting plaintiff's allegedly defective work. Defendant appeals the order of the trial court awarding plaintiff $1300 plus costs and dismissing his counterclaim.

Three witnesses (the parties and an employee of plaintiff) testified at the hearing on the complaint and counterclaim. The evidence established that in 1971 defendant executed a subcontract whereby plaintiff was to roof an addition to a building at a cost of $11,000. According to defendant's testimony, the roof developed serious leaks within 3 months of completion of the work. The defendant's specific complaints were that (1) the roofing paper attached to the parapet walls began to peel and break away from the brick thereby allowing water to seep between the roofing paper and the brick into the interior walls of the addition; (2) the roofing material itself began to crack and peel over the entire area of the roof causing numerous leaks; (3) the roof began to crack and peel over the breezeway connecting the new addition to the old building; (4) minor leaks developed around the heating and air-conditioning unit located on the roof.

Defendant stated that he demanded, orally and in writing, that plaintiff correct the problems. Plaintiff returned on one or two occasions and cold patched portions of the roof but refused to do any more repair unless paid on a time-and-material basis. Because of the alleged defects, defendant withheld $1300 from the amount due plaintiff under the contract. Defendant then hired Polycoat to repair the work for $6000, the amount defendant alleged in the counterclaim was due to him from the plaintiff.

At the hearing, plaintiff testified that he used top quality material and labor and, further, that the roof was installed according to contract except that defendant had prematurely installed the coping. Plaintiff stated that he asked defendant to remove this coping but the latter refused because of the expense. He also informed defendant that the roof was too big to be installed without expansion joints but defendant responded that they too were expensive and unnecessary.

Plaintiff testified that, when notified of the leaks, he inspected the building with several of his employees. They discovered leaks only around the air conditioner and duct work, installed after the completion of his work. They repaired those leaks although, according to plaintiff, this repair was not his company's responsibility. Contrary to defendant's testimony that plaintiff returned on two occasions, plaintiff testified that he and a crew of five men returned several times to repair the torn flashings with hot asphalt and felt. It was plaintiff's judgment that the tearing in the roof between the old and new building, another source of dissatisfaction to defendant, was the result of the new building settling and the absence of expansion joints. He stated finally that in addition to his own work, the only work performed on the roof was what appeared to be the application of aluminum paint, presumably done by Polycoat. An employee of plaintiff's, who also inspected the building, corroborated plaintiffs' testimony.

On appeal, defendant contends that (1) plaintiff is not entitled to recover against the defendant unless plaintiff has substantially performed the construction contract, (2) the defendant is entitled, under the counterclaim, to recover the cost of completing the contract or remedying errors and omissions of the roofer, and (3) the trial court's decision is contrary to the manifest weight of the evidence.

■■ Plaintiff agrees with the propositions of law cited by defendant in support of these positions; therefore, as defendant conceded in oral argument, the only question on appeal is whether the trial court's order in favor of plaintiff is contrary to the manifest weight of the evidence. This court will not disturb the trial court's finding and substitute its own opinion unless the holding of the trial court is manifestly against the weight of the evidence. Manifest weight has been defined as that weight which is clearly evident, clear, plain and indisputable. (*Greenlee Foundries, Inc. v. Kussel*, 13 Ill.App.3d 611, 619 (1973).)

> "Underlying this rule is the recognition that, especially where the testimony is contradictory, the trial judge as the trier of fact is in a position superior to a court of review to observe the conduct of the witnesses while testifying, to determine their

credibility, and to weigh the evidence and determine the preponderance thereof." *Schulenburg v. Signatrol, Inc.*, 37 Ill.2d 352, 356 (1967).

In the instant case, defendant's testimony was the solitary evidence on the issue of plaintiff's faulty workmanship. His testimony, that there were extensive leaks in the roof, was rebutted by plaintiff, and the rebuttal was corroborated by another witness who had also examined the roof. Plaintiff and his witness testified that the roof leaked only in the area around the air-conditioning system which was installed after plaintiff completed the roofing. Thus, there was a conflict in the evidence on the question of whether plaintiff was responsible for the existing leaks. Defendant asserted that the tearing and cracking in certain portions of the roof was due to faulty workmanship, plaintiff's counter testimony, corroborated by another witness, asserted that the peeling and cracking was the result of the coping having been placed on the roof prior to plaintiff's roofing, the absence of expansion joints and, finally, the building's settling. Defendant presented no evidence to rebut plaintiff's explanation.

Defendant maintains that the fact that the roof no longer leaked after Polycoat's repair proves that plaintiff's workmanship was faulty. Defendant introduced only Polycoat's bill for $6000; there was no evidence relative to the nature and extent of Polycoat's work. We cannot conclude from this scant evidence that the trial court was in error when it found that plaintiff's workmanship was not faulty.

We find that the judgment of the trial court in favor of plaintiff's complaint and against defendant's counterclaim was not contrary to the manifest weight of the evidence.

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.